# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MARY EVELYN SENECAL,**

    **Plaintiff,**

vs.           Case No. 4:19cv415-MW-CAS

**BANK OF AMERICA,**

    **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has submitted an in forma pauperis motion, ECF No. 2, and a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Because Plaintiff's motion is supported by a financial affidavit that sufficiently demonstrates she lacks the financial ability to pay the filing fee, the motion is granted and this case may proceed without payment of the filing fee.

Plaintiff's complaint, ECF No. 1, has been reviewed to determine if it states a claim. Review reveals that it does not. Indeed, if Plaintiff's factual allegations are true and correct, then Plaintiff's financial affidavit is false.

For example, Plaintiff's complaint alleges that her Bank of America account should have an account balance of "100 billion" dollars, but her account says she has only $3,000.  ECF No. 1 at 5.  Plaintiff indicated in her financial affidavit that she might have $3,000 in a Bank of America account.  *See* ECF No. 2 at 4.  However, she did so with a question mark.  Further, Plaintiff's motion asserted that she had no cash on hand, no credit cards, and no income.  *Id.* at 4-5.  Plaintiff said that she paid $400 in monthly rent, but Plaintiff's address is at the Kearney Center.[1]

Moreover, Plaintiff claims that she "inherited Bank of America 9 years ao."  ECF No. 1 at 4.  She alleges that the Bank "has illegals working" and she wants all branches to close in Florida "except one in West Palm Beach."  *Id.* at 5.  Plaintiff states that she will do the hiring for the Bank.  *Id.* Plaintiff does not, however, provide any factual allegations which demonstrate that Bank of America has caused her harm.

Federal law permits a United States District Court to dismiss a case filed in forma pauperis, if it is satisfied that the action is frivolous or malicious.  The Supreme Court has recognized two types of cases which

---

[1] The Kearney Center provides temporary shelter and housing and other related services in an effort to reduce homelessness in the Tallahassee area.

Case No. 4:19cv415-MW-CAS

may be dismissed, sua sponte, pursuant to 28 U.S.C. § 1915(d).  Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  The first type of case has "claim(s) based on an indisputably meritless legal theory," and the second contains "claims whose factual contentions are clearly baseless."  *Id.*  This case lacks both an arguable basis in law and is clearly removed from reality.  Sultenfuss v. Snow, 894 F.2d 1277 (11th Cir. 1990) (citing Neitzke).  Dismissal is appropriate.

Accordingly, it is **ORDERED** that Plaintiff's motion to proceed in forma pauperis, ECF No. 2, is **GRANTED**.

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on August 28, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:19cv415-MW-CAS